Chelsea v Tekiner (2026 NY Slip Op 00833)

Chelsea v Tekiner

2026 NY Slip Op 00833

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 154224/23|Appeal No. 5834|Case No. 2025-04792|

[*1]Gonca Tekiner Chelsea et al., Plaintiffs-Appellants,
vYasemin Tekiner et al., Defendants, Kahn & Goldberg, LLP, et al., Nonparty-Respondents.

Pryor Cashman LLP, New York (Todd E. Soloway of counsel), for appellants.
Kahn & Goldberg, LLP, New York (Michele Kahn of counsel), for Kahn & Goldberg, LLP, respondent.
Foley Hoag LLP, New York (James M. Gross of counsel), for Foley Hoag LLP, respondent.
Parker Ibrahim & Berg LLP, New York (Sanjay P. Ibrahim and Scott W. Parker of counsel), for Parker Ibrahim & Berg LLP, respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered July 30, 2025, which, to the extent appealed from as limited by the briefs, granted in part the motions of nonparties Kahn & Goldberg, LLP, Foley Hoag, LLP, and Parker Ibrahim & Berg, LLP (collectively, the law firms) for a protective order to the extent of ordering that compliance with plaintiffs' subpoenas be deferred until after trial and judgment in a related action, unanimously affirmed, without costs.
In this action, plaintiffs assert claims against defendants for, among other things, breach of fiduciary duty and breach of contract based on a decision to pledge a life insurance trust's assets to finance certain litigation. The law firms represent defendants in this action, and also represent them in a related shareholder action in which they are the plaintiffs. Plaintiffs in this action have issued subpoenas, seeking documents and testimony from the law firms regarding defendant Yasemin Tekiner's affirmative defense that she acted in her capacity as trustee upon the advice of counsel.
Supreme Court providently exercised its discretion in granting the law firms' motions for a protective order "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103[a]). The record demonstrates that the court considered all parties' interests and reasonably determined that the information sought in the ongoing shareholder action posed a significant risk of creating conflicts of interest that would disqualify the law firms as their clients' counsel under rule 1.7(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) (see Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 405-406 [1st Dept 2018]; see also Rules of Prof Conduct [22 NYCRR 1200.0] rule 3.7[a]).
We reject plaintiffs' contentions that Supreme Court failed to consider their rights by indefinitely delaying their access to discovery and that they will suffer prejudice as a result of the delay. The court issued the protective order after balancing the various interests presented, including the risk of disqualifying the law firms as defendants' counsel in the shareholder action. As to the delay in production of documents, we agree with Supreme Court that this action presents a narrow issue that can be litigated after the trial in the shareholder action. At most, plaintiffs have alleged a delay in resolving their claims in this action, which does not constitute undue prejudice under the circumstances. In any event, the delay is not indefinite, as the trial in the shareholder action is scheduled for April 6, 2026.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026